*1169 HAMILTON, Circuit Judge,
concurring:
I join Chief Judge Wilkinson’s opinion and add this brief statement to express my understanding of today’s holding. The court holds that excessive force claims of state pretrial detainees are not to be governed by the Fourth, Fifth, or Eighth Amendments, but rather the Due Process Clause of the Fourteenth Amendment. The court further holds that excessive force claims of state pretrial detainees, based on state conduct occurring outside the context of a custodial interrogation, are subject to the de minimis injury standard set forth in Norman v. Taylor, 25 F.3d 1259 (4th Cir.1994) (en banc). The court, however, leaves intact the principle established in Gray v. Spillman, 925 F.2d 90, 93-94 (4th Cir.1991), that a state pretrial detainee’s rights under the Due Process Clause of the Fourteenth Amendment are violated if he is beaten or sufficiently threatened during the course of a custodial interrogation. Dorton’s assault on Riley did not occur during a custodial interrogation; therefore, Riley has no claim under the Due Process Clause of the Fourteenth Amendment unless his injuries were more than de min-imis. Because Riley’s injuries, if any, were no more than de minimis, his Fourteenth Amendment claim fails. With these observations, I join Chief Judge Wilkinson’s opinion.